### W. UNDERWOOD. v. C. L. BROWN.

Decided April 16, 1902.

**1.—Trial of Right of Property—Void Judgment.**

Where in a trial of the right of property, the issues tendered by plaintiff showed that the judgment under which his execution was levied was rendered by a justice court for the sum of $187.09 and $63.30 interest, and $25 attorney fees, it appeared that the judgment was void because rendered upon a demand exceeding $200, and as it would not support a valid execution, the court properly sustained exceptions to the issues and dismissed the case.

**2.—Void Judgment—Execution—Amendment.**

Where, at the time an execution was issued, the judgment was void, a subsequent amendment of it could not give validity to the execution.

Appeal from the County Court of Fannin. Tried below before Hon. W. A. Evans.

*E. C. Armstrong* and *Taylor & McGrady,* for appellant.

*Gross & Gross* and *G. W. Wells,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit for the trial of the right of property levied upon on October 22, 1900, as the property of G. R. Brown by virtue of a purported execution issued out of the justice court on the 15th day of October, 1900. The writ recites that "On the 21st day of September, 1895, W. Underwood recovered a judgment in the Justice Court of precinct No. 5 of Fannin County against G. R. Brown for the sum of $187.09, and the further sum of $63.30, interest, and the still further sum of $25.03 attorney's fees, with interest thereon from date of judgment at 12 per cent per annum, and all costs of suit." After the seizure of the property by the constable, the appellee filed his claimant's affidavit and bond for the trial of the right thereto.

Appellant in his tender of issues sets out the recitals in the writ as above quoted. Appellee excepted to appellant's tender of issues upon the ground that it was apparent therefrom that the execution described therein was issued upon a void judgment,—it being for a debt exceeding the amount of the jurisdiction of the Justice Court.

By a supplemental petition it was alleged by appellant that he sued G. R. Brown in the Justice Court to recover a balance due on a note made by the latter to him on May 8, 1891, by which the maker promised to pay appellant on or before May 9, 1891, the sum of $169.05, with interest from May 1st of that year, at the rate of 12 per cent per annum, and 10 per cent additional for attorney's fees in case the note was placed in the hands of an attorney, or suit brought to enforce collection. That the note when sued upon had indorsed thereon the following credits: "Nov. 1, 1892, by hauling lumber, $1.25. By hauling sand, $7.75;" that citation issued May 8, 1895, and was served on September 21, 1895, and upon the trial of the cause in the justice court the following verdict was rendered: "We the jury find verdict for plaintiff;" that the verdict was accepted by the court, and has never been set aside, and on the same day the justice rendered judgment thereon, but instead of entering it for the true amount, viz., $165.05 principal, $63.30 interest, and $16.90 attorney's fees, by mistake or oversight in reducing the judgment to writing on his docket entered it for $187.09 balance principal, $63.30 interest, and $25.03 attorney's fees and costs of suit. That on November 27, 1900, upon proper petition of plaintiff (appellant), with notice of and appearance by G. R. Brown, said Justice Court at a regular term entered an order amending said judgment entry, making the same comply with the verdict and judgment actually rendered as above stated, and adjudged execution already issued amended to comply therewith; and that such order has never been set aside and appealed from

To this supplemental pleading a general exception was interposed by the appellee. The exceptions to each of appellant's pleadings were sustained by the court, and judgment entered thereon dismissing the case, and from such judgment this appeal is prosecuted.

The assignments of error are of course taken to the action of the court in sustaining the exceptions and entering the judgment of dismissal.

It is apparent from the recitals in the execution set out in appellant's tender of issues that it was issued upon a judgment rendered upon a demand, exclusive of interest, exceeding $200, and that therefore, the Justice Court having no jurisdiction of that amount, the judgment recited was void, and would not support a valid execution. Waters v. Walker, 4 C. C. App., sec. 269.

It is made equally clear from the allegations in appellant's supplemental pleadings that the judgment recited in the writ was not rendered in a garnishment proceeding, and that the principle announced in Townsend v. Fleming, 64 Southwestern Reporter, 1006, determining jurisdiction of courts in such cases, is not applicable. The question, therefore, is as to the effect of the alleged amendments of the judgment and execution. It will be noted that the alleged amendment of the judgment was made more than five years after it was rendered, and of the execution, after the amendment of the judgment, as well as subsequent to the seizure of the property and appellee's affidavit and bond for the trial of the right thereto. It may be questioned whether the judgment after such great lapse of time could be amended as to a matter of substance. Parker v. Boyd, 42 S. W. Rep., 1031, and authorities cited. But further than the effect of such amendment upon the validity of the execution under which the property claimed was seized, the question is not involved in this case. If the amendment were valid, it would show a different judgment from the one upon which the execution was issued, and would furnish no foundation for the writ, and it would be absolutely void. If it were invalid, the judgment upon which the execution was issued was void, and consequently all proceedings under it invalid. So in either event the execution would be a nullity, and a seizure of property under it tortious and illegal. Vitality can not be given an execution, void when issued because there was no judgment to support it, by an amendment such as is alleged by appellant in this case. Therefore as the execution, by virtue of which the property in controversy was seized, was by appellant's own pleadings shown to be absolutely void, the court did not err in sustaining appellee's exceptions thereto and in dismissing the suit. Its judgment is therefore affirmed.

*Affirmed.*