## W. J. FLANARY ET AL. V. N. J. WADE.

### No. 1857. Decided November 4, 1908.

**Appeal—Reversal and Affirmance on Remittitur—Execution Sale.**

A judgment for money, appealed from without supersedeas, was reversed and remanded, but to be affirmed if appellee should file a remittitur; with the judgment in such condition, execution issued from the court below and was levied on land of defendant; remittitur was then entered, and the reduced judgment affirmed; thereafter the land was sold under the execution, levy and an order of sale. Held that there was no existing judgment of the District Court to support the execution at the time of its issuance, and the sale passed no title to the land. (Pp. 66, 67.)

Error to the Court of Civil Appeals for the Second District in an appeal from Bosque County.

Woods sued Flanary and wife for the recovery of land claimed under sale and execution. Wade intervened claiming title to a half interest in the land under the same sale, and appealed from a judgment denying him a recovery of the land. The appellate court reversed this and rendered judgment in favor of Wade for a half interest in the land. Flanary and wife thereupon obtained a writ of error.

*Dillard & Word, Cureton & Cureton* and *Dewey Langford,* for plaintiffs in error.—The undisputed evidence showing that appellant's title was acquired by purchase made at execution sale, at which the plaintiff was purchaser, and that the judgment of the District Court on which the execution issued was reformed by the appellate court, on filing of a suggested remittitur, the sheriff's deed to plaintiff passed no title. Adams v. Odom, 74 Texas, 206; Stroud v. Casey, 25 Texas, 740; Scates v. Fohn, 59 S. W., 838; Cordray v. Neuhaus, 25 Texas Civ. App., 247.

After the Court of Civil Appeals has reformed and rendered a new judgment in a cause pending on appeal, the judgment appealed from will no longer support a writ of execution or sale thereunder, as the judgment of the appellate court is the one to be enforced, and not the erroneous judgment of the court below. Lundy v. Pierson, 2 S. W., 737.

The reformation of an excessive judgment by confession of error is as potent as, and in fact is a reversal, since ordinarily judgments of trial courts are reversed on finding prejudicial errors, which have not been waived, and the statute permitting the filing of remittitur is but a method of curing a reversible error, the existence of which is shown by the order of the appellate court suggesting the remittitur. Boulware v. Robinson, 8 Texas, 330-31; Houston & G. N. R. R. Co. v. Randall, 50 Texas, 262; Kauffman v. Armstrong, 74 Texas, 65.

After the 9th day of May, 1903, the only legal judgment in existence in the case of W. J. Flanary et al. v. Tom Wood, was that rendered by the Court of Civil Appeals; and, pending a motion for rehearing, and subsequent thereto an application to the Supreme Court for writ of error (both of which were denied), said judgment became vital as of that date, after said motion and application were overruled. It therefore follows that appellant could acquire no rights under the

judgment of the District Court after May the 9th, 1903, by sales, or attempted sales, made thereunder. Rev. Stats., art. 1027; Smith v. Haynes, 30 Texas, 502; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Texas, 103; State Fair v. Lyons, 5 Texas Civ. App., 382.

*Wm. M. Knight, Stephens & Miller* and *W. J. Wade,* in *pro. per.,* for defendant in error.—The fact that an execution issued out of the trial court (when no supersedeas bond had been filed) after the Court of Appeals had indicated that if a remittitur should be filed by the appellee the judgment of the trial court should be affirmed, did not render such execution and the sale thereunder void. The order or indication of the Court of Appeals that if a remittitur is filed the judgment of the trial court will be affirmed is in no sense a final judgment, but is only an interlocutory order and does not have the effect of preventing an execution of the judgment of the trial court, no supersedeas bond having been filed. Rev. Stats., art. 1029a; Andrews v. Richardson, 21 Texas, 295; Texas Land & Loan Co. v. Winter, 93 Texas, 560; Sage v. Clopper, 19 Texas Civ. App., 502; Pasley v. McConnell, 38 La. Ann., 473.

In a case appealed without supersedeas bond (as was done in this instance) the judgment of the trial court is the only judgment that can be executed until such time as the judgment of the appellate court becomes final and can be executed. Rev. Stats., art. 1403; Castro v. Illies, 22 Texas, 479; 3 Cyc., 472, and authorities cited.

A modification or partial reversal of a judgment on appeal under which plaintiff has purchased property at execution sale does not avoid such sale as to him, but the sale will be permitted to stand when all ground for the sale was not destroyed by the modification. Rev. Stats., art. 1403; Sage v. Clopper, 19 Texas Civ. App., 502; O'Rourke .v. Clopper, 22 Texas Civ. App., 377; 2 Freeman on Executions, sec. 347; Pasley v. McConnell, 38 La. Ann., 473; Lewis v. St. Louis & I. M. R. Co., 21 Am. Rep., 388; Williams v. Gallien, 1 Rob., 94; Farrar v. Stacy, 2 La. Ann., 210; Graham v. Egan, 15 La. Ann., 99; McWaters v. Smith, 25 La. Ann., 515; Oakes v. Williams, 107 Ill., 158; Morgan v. Evans, 72 Ill., 586; Hernandez v. Drake, 81 Ill., 34; Curtis v. Post, 28 Ill., 367; Shirk v. Gravel Road Co., 110 Ill., 661; Carlson v. Winterson, 147 N. Y., 652, 723.

Our contention is that our execution was issued before the judgment of the Appellate Court, if not, then we say, even if an execution has been issued on the judgment of a trial court after such judgment has been reformed and affirmed by the Appellate Court on the filing of a remittitur, neither such execution nor sale had thereunder are made thereby void, but the issuing of such execution would be only an irregularity of which only a party to the judgment could complain, and then only in a direct proceeding and not in a collateral attack. Rev. Stats., art. 1403, 1029a; Collins v. Hines, 100 Texas, 304; Irvin v. Ferguson, 83 Texas, 491; Williams v. Ball, 52 Texas, 603; Jackson v. Finlay, 40 S. W., 427; House v. Robertson, 34 S. W., 641; Ayers v. Duprey, 27 Texas, 603; Bennett v. Gamble, 1 Texas, 132.

MR. JUSTICE BROWN delivered the opinion of the court.

By written contract Tom Wood employed N. J. Wade, an attorney, to file a suit in the District Court of Bosque County against W. J. Flanary for damages. By the contract Wood agreed to give to Wade one-third of the land recovered in the suit. The contract was duly filed among the papers of the suit of Wood against Flanary. On the 13th day of September, 1902, Wood recovered a judgment in that case against Flanary for the sum of $2,400 from which judgment Flanary appealed to the Court of Civil Appeals and perfected his appeal in that court, but did not give a supersedeas bond.

Flanary owned two tracts of land each lying partly in Bosque and partly in Erath Counties. On the 11th day of December, 1902, Wood caused an execution to be issued and delivered to the sheriff of Bosque County, who levied it upon the portion of each tract of land which was situated in Bosque County, and on January 6, 1903, the land was sold under the execution and was bid in by Wood for the sum of $200. The facts do not show how much of the land was in Bosque County. The $200 was credited on the judgment of Wood against Flanary.

The case of Flanary against Wood having been filed in the Court of Civil Appeals of the second district, that court entered these orders:

"April 18, 1903. This cause came on to be heard on the transcript of the record, and the same being inspected because it is the opinion of this court that there was error in the judgment. It is therefore considered, adjudged and ordered that the judgment of the court below be reversed and the cause remanded for further proceedings in accordance with the opinion of this court; unless appellee files a remittitur of all exemplary damages in excess of $500 within twenty days from this date. Upon the filing of such remittitur the judgment will be affirmed; it is further ordered that the appellee, Tom Wood, pay all costs in this behalf expended, and this decision be certified below for observance."

"May 9, 1903. In this cause a remittitur having been filed, it is ordered by the Court that the judgment be affirmed for $56 actual damages and $500 exemplary damages and that the appellee, Tom Wood, do have and recover of and from the appellants, W. J. Flanary, Will Flanary, Jr., Lee Flanary and Arch Adkins, and from each of them, the sum of $556, with interest thereon from this date at the rate of 6 percent per annum. It is further ordered that the said appellee pay all costs incurred by reason of this appeal, and that this decision be certified below for observance."

On April 28, 1903, Wood sued out an alias execution in the District Court of Bosque County upon the judgment in his favor against Flanary and caused the same to be levied by the sheriff of Erath County on the land in that county on May 8, 1903. The remittitur required by the Court of Civil Appeals was entered, and that court, on the 12th day of May, 1903, gave judgment affirming the judgment of the District Court for the sum of $556.

Under an order of sale issued from the District Court of Bosque

County in said case the sheriff sold the land lying in that county on July 7, 1903, and Tom Wood bid it in at the sum of $600, which amount was credited upon the judgment. The sheriff of Bosque and Erath Counties each made a deed to Tom Wood for the land purchased by him.

On August 2, 1905, a suit was pending in the District Court of Bosque County in favor of Tom Wood and his wife, Mattie, in which W. J. Flanary, F. V. Flanary and a number of others not necessary to name were defendants. In that suit Tom and Mattie Wood sought to recover from the defendants Mattie Wood's interest in the community estate of her deceased mother and W. J. Flanary, F. V. Flanary being a second wife and the other defendants being children of the deceased wife. Tom Wood employed N. J. Wade to sue for the land purchased by him under his judgment as hereinbefore stated and entered into a written contract binding himself to convey to Wade one-half of the land that he might recover in that action. Wade filed in the pending suit an amended petition in which he set up, in addition to the claim of Mrs. Wood as the heir of her mother, his own title as purchaser from the sheriff as before stated herein. Wood and wife and all of the defendants compromised their suit and Wood and wife signed a motion to dismiss the suit from the docket, whereupon Wade filed a plea of intervention setting up his title to one-half of the land under the contract with Tom Wood. All parties, except Mrs. F. V. Flanary, disclaimed title to the land. She claimed title under deed of gift made to her by her husband on the day that Wood recovered his judgment against Flanary. At the trial judgment was given in favor of Wade for $290.00, but against his claim for the land, which judgment was upon appeal to the Court of Civil Appeals for the Second District, reversed and rendered for Wade for one-half of the land.

The order which the Court of Civil Appeals entered in the case of Flanary against Wood on the 18th day of April, 1903, reversed and set aside the judgment which the District Court had entered in that case and this condition continued until May 9, 1903, when the judgment of the District Court was affirmed, a remittitur having been entered. On the 28th day of April, 1903, there was no judgment in the District Court of Bosque County between the parties hereto which would authorize the issuance of the execution that the clerk of that court issued directed to the sheriff of Erath County; therefore the execution issued upon the judgment which had been annulled by the Court of Civil Appeals, being without authority, was void, and the levy made by virtue of that execution upon the land in controversy on the 8th day of May was likewise invalid. It follows that, the execution and the levy upon which the subsequent proceeding and sale depended being invalid, the sale itself was void and conferred no title upon Wood who purchased at the sale made on July 17, 1903. The title of Wade being derived from Wood, necessarily falls with it, and the conclusion must be reached that Wade had no cause of action in this case for the recovery of this land.

The subsequent affirmance of the judgment of the District Court of Bosque County by the Court of Civil Appeals was in fact the entering of a new and different judgment, but in no phase of the case could the subsequent entry of the judgment have the effect to make valid that which was void before.

The Court of Civil Appeals erred in reversing the judgment of the District Court and in rendering judgment for Wade for the land. It is therefore ordered that judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of the District Court affirmed.*