## FARQUHARSON v. FRESNO OIL CO.

(Circuit Court of Appeals, Eighth Circuit. November 28, 1925.)

No. 6985.

1. **Appeal and error ⚌1187—Judgment ⚌ 934(1)—Texas judgment held not barred by Oklahoma statute until one year after mandate of Texas Court of Civil Appeals was filed in district court.**

Under Vernon's Sayles' Ann. Civ. St. Tex. 1914, arts. 2084, 2097–2101, execution could be issued on judgment of state district court so long as judgment was not superseded or determined in Court of Civil Appeals, but under article 1646 could not issue after decision of appellate court requiring remittitur as condition of affirmance until mandate was filed in district court, and judgment of appellate court, being new judgment, was not barred until one year after such filing under Oklahoma statute, requiring actions on foreign judgments to be brought within one year.

2. **Judgment ⚌934(1)—Action to enforce foreign judgment treated as analogous to execution thereon in state of rendition.**

Limitations run against suit to enforce foreign judgment from date when execution could have issued thereon in state of rendition.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

Action by the Fresno Oil Company against C. B. Farquharson. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward P. Marshall, of Tulsa, Okl. (Bird McGuire and Felix A. Bodovitz, both of Tulsa, Okl., on the brief), for plaintiff in error.

R. E. Gish, of Tulsa, Okl. (R. O. Kenley, of Wichita Falls, Tex., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is a writ of error from a judgment entered in Oklahoma in a cause of action upon a judgment rendered by a state court of Texas.

There is no dispute as to the facts, and the main question presented here is whether the Texas judgment was barred by the statute of limitations in the state of Oklahoma which required that actions upon foreign judgments be brought within one year.

In the Texas court, the company secured a judgment in the state district court against Farquharson and the Southern Surety Company for damages and recovery of certain leaseholds and personal property. The judgment against Farquharson was for $39,452.38, of which amount the Surety Company, as codefendant, was liable for $27,164.81. This judgment was recovered July 7, 1921, both defendants in that suit appealed to the Court of Civil Appeals of the state. A cost bond was given in that appeal but no supersedeas bond. The Court of Civil Appeals affirmed the judgment as to the property, but, as to the damages, decreed that the judgment should be reversed unless the company within 12 days filed a remittitur of $6,562.84 "to be entered as a credit upon the amount so recovered against the appellant, C. B. Farquharson, in favor of the appellee, Oil Company, but if said remittitur is filed within the time stated, that the judgment of the trial court will in all things be affirmed." This judgment of the Court of Civil Appeals was rendered November 25, 1922. The remittitur was made. Thereupon, the Court of Civil Appeals entered a judgment reciting such fact and ordered as follows:

"* * * It is considered, adjudged and ordered that the judgment of the court below be and it is hereby reformed, and as reformed is affirmed in favor of the appellee, Fresno Oil Company against the appellant, C. B. Farquharson for the sum of $32,889.54, in accordance with the original opinion of this court filed on the 25th day of November, 1922, but in all other respects the judgment of the trial court is affirmed. That the appellee, Fresno Oil Company, do have and recover of and from the appellant, C. B. Farquharson, the said sum of thirty-two thousand eight hundred and eighty-nine dollars and fifty-four cents, the amount adjudged below as reformed by this court, together with interest on same from the 7th day of July, 1921, at the rate of six per cent. per annum, for which execution may issue. It is further ordered that the appellee, Fresno Oil Company, do have and re-

cover of and from the appellant, Southern Surety Company and its surety on its supersedeas bond, American Surety Company of New York, the amount adjudged against it in the lower court, together with all costs in this behalf expended for which execution may issue. It is further ordered that the appellant, C. B. Farquharson, do have and recover of and from the appellee, Fresno Oil Company, all costs incurred by reason of this appeal for which execution may issue, and that this decision be certified below for observance."

The above order was entered December 2, 1922. Thereafter, Farquharson filed a motion for rehearing in the Court of Civil Appeals which was overruled January 6, 1923. Thereafter, Farquharson filed an application for a writ of error from the Supreme Court of the State which application was denied by that court February 28, 1923. Thereafter, Farquharson filed a motion for rehearing in the Supreme Court which motion was denied March 21, 1923. The Court of Civil Appeals issued its mandate to the district court on May 16, 1923, which was in terms the same as its order of December 2, 1922. This mandate was filed in the District Court May 17, 1923.

Under the statutes of Texas (article 1646, Rev. Stat. of Texas) the mandate of the appellate court when filed in the trial court required no further order or decree of the trial court to be effective as a judgment and to authorize execution thereon. The Surety Company paid the amount for which it was liable; Farquharson has paid nothing and the present suit is for the balance due on this judgment.

[1] This suit was brought upon the judgment as of May 17, 1923, and was filed January 4, 1924. It is contended by Farquharson as follows: that the judgment entered by the district court of Texas on July 7, 1921, is the judgment in that case, but that, at any rate, that judgment became final when the remittitur was filed in the Court of Civil Appeals and that court entered the judgment December 2, 1922, which finally was sent by mandate to the district court, and that, as no supersedeas had ever been secured, either of such judgments could have been enforced by execution, and, being so enforceable, were, during all of the succeeding time, subject to enforcement by suit in a foreign jurisdiction. Therefore, it is argued that the statute of limitation of Oklahoma would prevent recovery. If the above assumptions regarding the judgment of July 7th, by the district court, and of December

2d, by the Court of Civil Appeals, are true, the result contended for must follow. So far as the judgment of the Court of Civil Appeals is concerned, the above position is unsound because no execution could issue thereunder until that judgment took the form of a mandate filed in the trial court from which court the execution would necessarily have to issue thereon. Such is the effect of the Texas statute above referred to, which is as follows:

"Upon the rendition by the courts of civil appeals of any such judgment or decree as is contemplated by article 1627, it shall not be necessary for the lower court from which the cause was removed to make any further order or decree therein; but the clerk of said lower court, on receipt of the mandate of the Supreme Court or Courts of Civil Appeals, shall proceed to issue execution thereon as in other cases."

The company contends that the original judgment of the district court could not be the basis of a suit in the foreign jurisdiction so long as it was on review and also that the judgment mandate of May 17, 1923, was a different judgment from the original one and therefore could be made the basis of a different cause of action from the original judgment.

The first contention is true only in part. So long as that judgment was not superseded and was not determined in the Court of Civil Appeals, an execution could have been issued thereon. Vernon's Sayles' Texas Civil Statutes 1914, arts. 2084, 2097, to 2101, inclusive; Castro v. Illies, 22 Tex. 479, 73 Am. Dec. 277; Lee v. Broocks, 51 Tex. Civ. App. 344, 111 S. W. 778; Allen v. Kitchen (Tex. Civ. App.) 156 S. W. 331; Jameson v. O'Neall (Tex. Civ. App.) 145 S. W. 680; Texas Trunk R. Co. v. Jackson, 85 Tex. 605, 22 S. W. 1030. But such judgment could not be the basis of an execution from and after a decision by the reviewing court requiring a remittitur as a condition of affirmance. Flanary v. Wade, 102 Tex. 63, 113 S. W. 8. Therefore, from July 7, 1921, when the original judgment was entered until November 25, 1922, when the Court of Civil Appeals entered its order requiring remittitur, the original judgment could have been enforced by execution, but after November 25, 1922, under authority of the Flanary Case, the original judgment could not have been enforced by execution. As the judgment entered by the Court of Civil Appeals could not be enforced by execution until it was filed as a mandate in the district court, the company had no judgment it could en-

force by execution between November 25, 1922, and the time when the mandate was filed on May 17, 1923. That mandate, though in words affirming the original judgment, yet, in fact, was a modification thereof. Being a modified judgment, different in amount of recovery from the original judgment, it was, in our opinion, a new judgment upon which an execution would have to be different in substance from an execution issued on the original judgment.

[2] We think that a suit to enforce a judgment in a foreign jurisdiction, in so far as statutes of limitations are concerned, should be treated as analogous to execution thereon in the state of rendition, and governed by the law in that state as to enforcement by execution. If there were no statute of limitations governing this matter in Oklahoma, no suit could have been brought on the original judgment after November 25, 1922, because that judgment had then lost all force as the basis of an execution and that judgment cannot be sued upon to-day because it has no existence as a living enforceable judgment. There is but one judgment in the Texas court and there was but one judgment in the Texas court at the time this action was filed. That judgment was the mandate filed May 17, 1923, upon which this action is based. As that judgment became enforceable by execution only at the date filed, it became subject to enforcement by suit upon that date for the first time. As that date is less than one year from the filing of this action, the limitation of the Oklahoma statute has not run.

The judgment should be and is affirmed.