**BANKERS LIFE CO. et al. v. JOHN E. QUARLES CO.**

No. 11755.

Court of Civil Appeals of Texas. Dallas.

Nov. 2, 1935.

Rehearing Denied Dec. 14, 1935.

Coker, Rhea & Vickrey and Prentice Wilson, all of Dallas, for appellants.

Coke & Coke and Thos. G. Murnane, all of Dallas, and Charles Kassel and Melvin F. Adler, both of Fort Worth, for appellee.

JONES, Chief Justice.

In a suit in a district court of Dallas county, appellant sought recovery on promissory notes amounting to the principal sum of $6,400, with interest and attorney's fee, and to foreclose a deed of trust lien on 85 acres of land situated in Dallas county, Tex.; the note obligations and the deed of trust were executed by Claude Stevenson, acting for himself and as representative of his deceased wife in their community estate. Appellee, a corporation, was made a party defendant to the suit, on the allegation that it claimed some kind of interest in the real estate, on which the deed of trust existed. Judgment was entered in favor of appellee against Claude Stevenson, individually and as survivor of the community estate of himself and Bessie L. Stevenson, his deceased wife, in the sum of $8,728.45, being principal, interest, and attorney's fee on the notes forming the basis of this suit, with interest at the rate of 10 per cent. per annum from date of the judgment, November 6, 1933. A foreclosure of the deed of trust lien was decreed on the real estate, but a four-room house situated thereon was excepted from the decree, and appellee was given a foreclosure on same, as against appellant and against Claude Stevenson and Ruby Stevenson, to satisfy a debt due by Claude Stevenson to appellant for material furnished for the building of said house,

as authorized by article 5459, R.S. Other parties were made defendants, but they are not necessary to this appeal. From the judgment in favor of appellee, awarding it foreclosure on the said four-room house, appellant and the Stevensons have prosecuted this appeal.

The term "appellant" will be applied to the Bankers Life Company, and appellants Claude Stevenson and Ruby Stevenson will be designated by their names. The term "appellee" will apply to the John E. Quarles Company, a corporation.

The four-room residence situated on the 85-acre tract of land was built by Claude Stevenson after appellant's lien on the land had attached by virtue of the loan to Stevenson and the execution by Stevenson of the deed of trust.

Prior to the institution of this suit, appellee had instituted a suit in Tarrant county against Claude Stevenson, on a note executed by him to appellee for the indebtedness represented by the material furnished to Stevenson, for the building of said small dwelling, and for the foreclosure of the lien given by section 37 of article 16 of the Constitution. Appellant was not a party to this suit. A judgment was entered in favor of appellee in the sum of $696 principal, interest, and attorney's fee on the balance then existing on the indebtedness incurred by Stevenson, when he purchased from appellee the building materials. A foreclosure was prayed for and given on the 85-acre tract of land, and an order of sale was directed to be issued. At the time of the institution of the instant suit, more than twelve months had elapsed, after the Tarrant county judgment had been entered and no order of sale or execution had been issued on such judgment. It was therefore dormant at the time of the institution of the instant suit, and at the time the judgment was entered herein.

When appellee, impleaded as a defendant in the instant suit, answered, it disclaimed any interest in the 85 acres of land, but by cross-action claimed a prior lien on the four-room residence erected by Stevenson with the building materials purchased from it, and sought to establish such lien as superior to appellant's deed of trust lien on the building only, and to foreclose such lien as against appellant and Claude and Ruby Stevenson. Appellee set up its judgment for $696 with interest, awarded by the district court of Tarrant county, and sought to recover the amount of such judgment against Claude Stevenson as a liquidated claim. Appellant answered appellee's claim by a supplemental petition, first denying appellee's claim of a constitutional lien against the house and, in an alternative plea, to the effect that, when appellee's cause of action against Claude Stevenson matured, it had the right to pursue either of two remedies as to its lien, vis.: (1) To treat the four-room building as a part of the realty and enforce its lien against the realty under the provisions of article 5458, R.S., or (2) to elect to treat the building as personalty, and enforce its lien against such building under the terms of article 5459; that in its suit against Stevenson it chose the former remedy, asserted a lien against the real estate, treating the house as a part thereof, recovered its debt, and foreclosed its lien against the land; that having elected to treat the house as a part of the realty, this election was final and it could not, in the instant suit, seek foreclosure on the building as separate and distinct from the land on which it stood.

The Stevensons did not dispute the judgment obtained in the Tarrant county suit, nor the foreclosure of the lien on the realty, but did dispute, by appropriate allegations in their answer, the right of appellee to maintain a second and different suit in its cross-action against it, and to again subject it to additional court costs.

Under the findings of the jury, the primary question for review, as between appellant and appellee, is whether appellant's action in the Tarrant county suit, to which appellant was not a party, in electing to treat the house as a part of the realty and to foreclose its lien on the realty against the Stevensons, would bar appellee from pursuing the remedy to treat the house as personalty and to assert its superior lien on same against the appellant, under the provisions of article 5459, R.S. The question for review as between appellee and the Stevensons is: Can appellee, after having secured a judgment for its debt and forclosure on the land, of which the house was treated as a part, in the Tarrant county suit, again subject them to a suit of foreclosure on the house, as separated from the land? The pleadings of the parties clearly raise these questions.

■ There were some disputed issues of fact in the trial of the case, but these were resolved by the jury in favor of appellee, and they are adopted as the findings of this court. These issues warranted the judg-

ment entered by the court, in so far as the disputed issues are necessary to such judgment. These facts established that appellee is entitled to the constitutional lien it asserted, and also that the building in question could be removed from the land without physical injury to either the building or the land.

Article 5458, R.S., reads: "If this lien [materialman's lien] is against land in a city, town or village, it shall extend to or into the lot or lots upon which such house, building or improvement is situated, or upon which such labor was performed; and, if the lien is against land in the country, it shall extend to and include fifty acres upon which such house, building or improvements are situated, or upon which such labor has been performed; and, if the lien is against a railroad company, it shall extend to and include all of its property." This was the procedure followed by appellee in the Tarrant county suit.

Article 5459, R.S., reads: "The lien herein provided for shall attach to the house, building, improvements or railroad for which they were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which the houses, buildings or improvements, or railroad have been put, or labor performed, and the person enforcing the same may have such house, building or improvement, or any piece of the railroad property, sold separately; provided, any lien, encumbrance or mortgage on the land or improvement at the time of the inception of the lien herein provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for." This was the procedure followed in the instant case.

Do these two articles, enacted to secure the enforcement of a constitutional lien, present inconsistent remedies?

■ The two remedies given by these statutes are concurrent and are enacted for the benefit of one who has furnished materials or labor for a construction, within the purview of said statutes. "One may pursue any number of concurrent remedies against different individuals until he obtains satisfaction from some of them." Crane v. Atlanta & Lowry Nat. Bank, 40 Ga.App. 83, 149 S.E. 58. This rule of law, however, does not apply where the remedies, though concurrent, are inconsistent. 9 R. C.L. § 3, p. 958, thus declares the rule in this respect: "The doctrine of election of remedies applies only where there are two or more remedies, all of which exist at the time of election, and which are alternative and inconsistent with each other, and not cumulative, so that, after the proper choice of one, the other or others are no longer available. This is upon the theory that, of several inconsistent remedies, the pursuit of one necessarily involves or implies the negation of the others. Whether coexistent remedies are inconsistent is to be determined by a consideration of the relation of the parties with reference to the right sought to be enforced as asserted in the pleadings."

The question for review may be thus concretely stated: Is the Tarrant county suit by which, in effect, appellee sought and secured foreclosure on the house in question as part of the real estate on which it was situated, under the terms of article 5458, R.S., inconsistent with the instant suit in which appellee sought and secured foreclosure on the house as separate and distinct from the real estate on which it stands, appellant not being a party to the former suit? We do not think so.

■ Appellee had but one cause of action for its debt, and that was against the maker. He had but one cause of action to enforce the constitutional lien to secure the debt, and that was against the record owner of the real estate, on which the house is situated and against any one else claiming a lien on the house and real estate. In enforcing the lien for his debt, he is given the statutory right to enforce it against the house and 50 acres of the land on which the house is situated, or to enforce his lien only against the house. On this subject, 9 R.C.L. § 4, page 958, announces the rule that, "Another class of cases exists where there is but one cause of action but in which different or alternative remedies may be pursued. It is permissible to follow these remedies or reliefs independently, even in some cases to judgment, although but one satisfaction can be had."

Under the Tarrant county judgment of a foreclosure of its constitutional lien on the house and real estate, appellee unquestionably can waive so much of the enforcement of the judgment that gave him a lien on the real estate, and have an order of sale issued to sell the house only, for this would in no way prejudice the Stevensons. Under the judgment in the instant case, appellee, of course, cannot have an order of sale against the land, but must enforce same against the house only. Suits in which the remedies

invoked permit the same result do not present such a case of inconsistent remedies, that where as against one party defendant in one suit one of two remedies is adopted in a prior suit, the other remedy cannot be used against a different defendant in a later suit.

■ Under the law, appellant has the older and superior lien on the real estate, but under article 5459, R.S., by the terms of which the house may be separated from the real estate, appellee is given a lien on the house superior to appellant's lien. We do not see that there can exist any valid reason why appellee, in the Tarrant county judgment, cannot waive the enforcement of its lien on the land on which the house stood and procure an order of sale against the house only. Certainly the Stevensons cannot complain and appellant was not a party to the judgment and cannot complain of such waiver. We conclude, therefore, that the remedy pursued by appellee in the instant suit is not inconsistent with the remedy pursued by appellee in the Tarrant county suit.

We have carefully read appellant's authorities, with the result that we do not believe they sustain its contention in this case. The case of Ward v. Green, 88 Tex. 177, 30 S.W. 864, is a case of equitable estoppel, which does not exist in the instant case; the case of Marshall v. Mayfield (Tex.Com. App.) 227 S.W. 1097, is one in which the plaintiff, as holder of a vendor's lien and thereby the holder of the superior title to the involved real estate, brought suit for possession of property by virtue of his superior title and prosecuted this suit to judgment. The court denied him, subsequent to this judgment, the right to institute and maintain a suit to forclose his vendor's lien; the other cases cited may be similarly distinguished.

■ Appellee had but one cause of action against Stevenson. It instituted suit against him in Tarrant county and recovered judgment and the cause of action, with the two remedies available to appellee, were merged into this judgment. Stevenson should not have been required to defend again the same suit on the same cause of action asserted in appellee's cross-action. Also, Stevenson's right to and interest in the four-room house had already been foreclosed on, the debt existing against him had already been adjudicated, and judgment entered.

The only injury, however, that Stevenson has suffered by reason of the cross-action in the instant suit is the cost adjudged against him. This injury can be remedied by reforming the judgment as to cost and by relieving Stevenson of any cost incurred in the prosecution of appellee's cross-action against him, and here taxing such cost against appellee. That portion of the judgment taxing cost incurred by appellee in the prosecution of its cross-action against Stevenson is reformed and such costs taxed against appellee. The judgment is therefore reformed as to cost, and as reformed is affirmed.

Reformed and affirmed.