Bankers Life Company v. John E. Quarles Company.

No. 7047.   Decided February 9, 1938.
(112 S. W., 2d Series, 1044.)

*Coker, Rhea & Vickery,* of Dallas, for plaintiff in error.

The lumber company (Quarles) before the filing of this suit, filed suit in Tarrant County, Texas, for the foreclosure of its materialman's lien on the land and the house situated thereon as a part of the realty and prosecuted same to judgment and foreclosure, and by so doing elected its remedy and is now estopped from setting up its lien on the house as personalty in this suit and asking another judgment foreclosing such lien and directing the sale of house separate and apart from the land. Ward v. Green, 88 Texas 177, 30 S. W. 864; Rushing v. Hall, 74 S. W. (2d) 761.

*Coke & Coke* and *Thomas G. Murnane,* all of Dallas, and *Charles Kassel* and *Melvin F. Adler,* both of Fort Worth, for defendant in error.

The Constitution and statutes give the plaintiff the right to have the house sold together with the realty, or separately from it, whichever might be to its advantage. The two remedies are concurrent and not inconsistent regardless of the name by which the properties may be called. Strang v. Pray, 89 Texas 525, 35 S. W. 1054; Summerville v. King, 98 Texas 332, 83 S. W. 680; Shell v. Best, 93 N. W. 753; W. M. Cameron Lbr. Co. v. Parker, 62 S. W. (2d) 63; Constitution, Article 16, Section 37; R. S. 1925, Articles 5458, 5459.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On January 1, 1935, Claude Stevenson, acting for himself individually and as survivor of the community estate of himself and his deceased wife, executed a deed of trust on 85 acres of land in Dallas County, Texas, to secure payment of the sum of $6,400.00 with interest. Thereafter John E. Quarles Company furnished materials to Claude Stevenson which were used in the construction of a four-room house on said 85 acres of land. On May 9, 1932, in the district court of Tarrant County John E. Quarles Company obtained judgment against Claude Stevenson for the sum of $696.00, and foreclosing a constitutional materialman's lien on the 85 acres of land.

The present suit was instituted in the district court of Dallas County by Bankers Life Company, holder of the $6,400.00 indebtedness and the deed of trust lien securing the same, as plaintiff, seeking to recover upon said indebtedness and to foreclose the lien on the 85 acres. The suit was against Claude Stevenson, and others not necessary to mention, and also

against John E. Quarles Company, which plaintiff alleged was asserting some kind of claim to the land. John E. Quarles Company answered, disclaiming any lien on the land as such, but setting up that by virtue of its judgment in the district court of Tarrant County foreclosing the constitutional materialman's lien it had a superior lien on the four-room house situated on the land. It was further alleged that said house could be removed from the land without material damage to same. It prayed that its lien on the house be declared superior to the lien of plaintiff, and that order of sale be issued for sale of the house separate from the land. Upon a trial of the present suit judgment was rendered in favor of plaintiff, Bankers Life Company, for the amount of its debt, and for foreclosure of its deed of trust lien on the 85 acres of land, exclusive of the four-room house thereon. In addition, the court found that by virtue of the former judgment in the district court of Tarrant County establishing the materialman's lien in favor of John E. Quarles Company, that company had a superior lien upon the house. The court further decreed that an order of sale issue directing sale of the house separately from the land to satisfy the judgment of John E. Quarles Company, and allowing removal of the house within a reasonable time after the sale.

Bankers Life Company and Claude Stevenson appealed. The judgment of the trial court was reformed as to costs and affirmed by the Court of Civil Appeals. 88 S. W. (2d) 613. Bankers Life Company alone has prosecuted writ of error. It will be designated plaintiff. John E. Quarles Company will be designated defandant.

There is in substance but one question presented here for decision. It is in effect this: That defendant having proceeded in the district court of Tarrant County to foreclose its lien on the 85 acres of land, of which the house then was treated as a part, it was error for the district court of Dallas County to allow another foreclosure upon the house only, treating it as personalty, as distinguished from a part of the realty, and to issue order of sale in favor of defendant as to said house. Plaintiff urges in support of this contention election of remedies, estoppel and res adjudicata.

1 In the Court of Civil Appeals plaintiff, in setting out propositions upon which the appeal was based, did not submit any proposition urging error in the action of the trial court in foreclosing its lien and directing order of sale as to the 85 acres of land, exclusive of the four-room house. While there was an assignment of error in the back of the brief under

which this question might have been raised, the plaintiff did not submit this assignment by proposition, statement, authorities or argument, but expressly limited its right to reversal to the propositions set out in the brief upon which the appeal was based. The action, therefore, of the district court in foreclosing the lien upon the land, exclusive of the house, constituted an adjudication that plaintiff had no lien upon the house. It follows that a sale by virtue of the judgment and under the order of sale as directed will convey no title in the house to the purchaser. Having failed to raise this question in the Court of Civil Appeals it can not be raised in this Court for the first time.

2 Defendant was made a party to this suit at the instance of plaintiff. This must have been upon the theory that defendant was asserting some right to the land or the house in opposition to plaintiff's right. Defendant pleaded its prior judgment establishing a constitutional materialman's lien upon the 85 acres and upon the house as a part of the realty. It filed a disclaimer as to its lien upon the 85 acres of land as such, but asserted its lien as to the house. This necessarily put in issue the question of whether or not plaintiff had any lien upon the house, or at least put in question the issue as to whether its lien was inferior to the lien of defendant. If it had no lien, it occurs to us that it is wholly immaterial, so far as it is concerned, that the court declared a lien upon the house in favor of defendant by virtue of its former judgment. Stevenson has prosecuted no writ of error, and the judgment of the trial court and the Court of Civil Appeals establishing lien upon the house in favor of defendant is final as to him. The case therefore reduces itself to a complaint on the part of plaintiff as to the manner in which the court provided for the removal of the house from the land. Certainly the court had the right to order the house moved, in order that the judgment in favor of plaintiff foreclosing its lien upon the land could be made effective, by delivery of the land to a purchaser free from any incumbrance. While technically an order of sale should appropriately come from the Tarrant County court which rendered the judgment in favor of defendant, we are brought face to face with the practical proposition that plaintiff cannot in the least be injured by a removal of the house through the instrumentality of an order of sale, rather than by a decree authorizing defendant and Stevenson to remove it in some other manner. As Stevenson is no longer complaining of the action of the court in directing order of sale as to the

house, and as plaintiff can in no manner be injured, it is therefore in no position to complain.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 9, 1938.