**YORK DIVISION, BORG–WARNER CORPORATION et al., Appellants,**

v.

**SECURITY SAVINGS AND LOAN ASSOCIATION, DICKINSON, Texas, Appellee.**

No. 15771.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1972.

Rehearing Denied. Oct. 12, 1972.

Sam L. Sterrett, Jr., Houston, for appellants L. C. Loper, and J. L. Stover; Kenneth J. Peden, Houston, (Childress, Port & Crady, Houston, of counsel), Elmo Johnson, Galveston (Decker & Johnson, Galveston, of counsel), for appellant York Division, Borg-Wagner Corp.

Preston Shirley, Galveston (Mills, Shirley, McMicken & Eckel, Galveston, of counsel), Dave McNeill, Jr., Vinson, Elkins, Searls & Smith, Houston, for appellee Louisville Title Ins. Co.

Newton B. Schwartz, Houston, for appellees Perry D. Davis, Jr. and Newton B. Schwartz.

Hancock, Bellard, Gay & Kaye, Charles R. Hancock, Kenneth C. Kay, Dickinson, for appellee Security Savings and Loan Assn.

ON MOTIONS FOR REHEARING

COLEMAN, Justice.

This case involves claims for debt arising out of construction contracts, and financial arragements pursuant thereto, the foreclosure of mechanics and materialmens liens, and the respective priority of the liens established. Of particular interest is a question of the validity of an execution issued on an interlocutory judgment, and of the sale made pursuant thereto, where the judgment was made final by severance after the sale.

Mr. and Mrs. M. H. Ferris and Dr. E. M. Ammons (hereinafter called "Ferris and Ammons") entered into a construction contract with J. L. Stover and L. C. Loper d/b/a Construction Associates (hereinafter called "Stover & Loper") on August 16, 1963, in which Stover & Loper were to build certain improvements upon the property owned by Ferris & Ammons. On August 20, 1963, Ferris & Ammons executed both a contract with deed of trust amd a mechanic's and materialman's lien promissory note to J. L. Stover d/b/a Construction Associates. The note was for the principal amount of $378,654.00 plus interest at the rate of 6% per annum. This note was endorsed to League City State Bank by J. L. Stover and later was endorsed to appellee, Security Savings and Loan Association (hereinafter called "Security").

Stover & Loper borrowed money for construction from the League City State Bank by giving their own promissory note dated August 29, 1963 for the principal amount of $378,654.00. The security given for this note was the promissory note from Ferris & Ammons and the mechanic's lien contract of August 20, 1963. Subsequently on June 18, 1964, the note from Stover & Loper to League City State Bank and its collateral security were assigned to Security.

The general construction contract specifically provided for air conditioning and duct work, but allowed owners to contract for such materials and work themselves. Ferris & Ammons contracted with York Division, Borg-Warner Corporation (hereinafter "York") to furnish air conditioning units to Ferris & Ammons to be installed in the project being constructed on their property. The air conditioning units were delivered, and on June 3, 1964 York filed a mechanic's lien.

Security filed suit against Ferris & Ammons and Stover & Loper for the amount due on the promissory note which was in default and for foreclosure of the mechanic's and materialman's lien. Security also sued York and others to establish the priority of its lien. Stover & Loper and York filed actions against Ferris & Ammons for amounts due under their respective contracts.

On November 25, 1964, the trial court granted Security's motion for summary judgment. The judgment gave recovery on the notes against Ferris and Ammons and Stover & Loper and held that Security's lien was prior and superior to all other liens. The court ordered sale of the property owned by Ferris & Ammons to satisfy Security's money judgment and on February 2, 1965 the Sheriff of Galveston County, Texas, J. B. Kline, sold the property to Ray Diamond who in turn sold to Newton Schwartz.

York appealed the judgment of November 25, 1964, which judgment was found to be interlocutory by this court, and appeal was dismissed for want of jurisdiction. York Corp. v. Security Savings and Loan Ass'n, 391 S.W.2d 830 (Tex.Civ.App., Houston 1965, no writ).

The trial court then modified its judgment of November 25, 1964 by eliminating the adjudication concerning the priority of liens, and on August 17, 1965 severed and rendered final Security's cause of action against Ferris, Ammons, Stover and Loper. That same order of August 17, 1965 dismissed with prejudice the cause of action by Stover & Loper against Security and severed York's cause of action against Ferris & Ammons. Thereafter, the trial court on September 28, 1965 rendered an interlocutory money judgment in favor of York against Ferris and Ammons and also held the liens of York to be valid and ordered foreclosure of those liens. On October 22, 1965, the trial court ordered such September 28, 1965 judgment to be severed from other causes in the action and rendered final judgment in favor of York against Ferris & Ammons for the sum of $43,239.33 plus interest at 6% per annum and for foreclosure of its materialman's lien. An order of sale of the property owned by Ferris & Ammons issued, and such property was sold on March 4, 1969 by sheriff's deed to York.

We find that the judgment is erroneous in the following respects:

1) in decreeing that the summary judgment of November 25, 1964, in favor of Security be confirmed, ratified, re-instated and carried forward;

2) in decreeing that the order of sale pursuant to the November 25, 1964, summary judgment was a valid order of sale and that the sheriff's sale to Security was a valid sale;

3) in decreeing that the deed from the sheriff to Security conveyed fee title;

4) in decreeing that the levy and sale by the sheriff under York's summary judg-

ment, and sheriff's deed to York, are null and void;

5) in decreeing that Newton Schwartz have title to and possession of the property in question;

6) in permanently enjoining York from selling the property in question;

7) in decreeing that York's summary judgment be confirmed, ratified, re-instated, and carried forward;

8) and in decreeing that since the lien of Security has been foreclosed on the property in question, the lien of York is null and void.

◼ The case must be considered without the benefit of a statement of facts because the official court reporter lost her notes and was unable to prepare one. Under the established rule we are required to presume that there was evidence to support such findings of fact on part of the trial court as are necessary to support the judgment entered. W. G. Tufts & Son v. Herider Farms, Inc., 461 S.W.2d 257 (Tex.Civ. App., Tyler 1970). However, we find that error is shown on the face of the record requiring that the case be reversed. Since the rights of the parties are interrelated and interdependent, the errors probably resulted in an improper judgment on other matters adjudicated and a proper judgment cannot be rendered in the absence of a statement of facts. The judgment will be reversed and remanded for a new trial as to all parties.

◼ The judgment of November 25, 1964, in that it failed to dispose of all parties and issues before the court, was not a final judgment. The trial court retained the power to set it aside, or to amend it. It was amended by an order entered August 9, 1965. The amended judgment became a final judgment on August 17, 1965, when the cause of action adjudicated thereby was severed from the case. On the 30th day of December, 1964, the Clerk of the District Court issued an order of

sale as directed by the judgment of November 25, 1964, and delivered it to the sheriff. On January 5, 1965, the sheriff levied the writ on the property in question in this case, and on February 2, 1965, sold the property to Security, and credited the sum of $293,395.05 on the judgment.

In Swanson v. Holt, 126 Tex. 383, 87 S. W.2d 1090 (1935), the Supreme Court considered a case where the trial court amended a previous judgment by an order entered during the same term. The Court stated that "the order, together with the judgment as originally entered and amended by the order, constituted the court's last judicial expression in its decision of the case and the rendition of the final judgment in the case." The Court held that the time within which the appeal by writ of error could be taken began on the date of the amendatory order.

The Supreme Court has also held that an oral judgment is valid, and that the signing of a written judgment by the judge is not prerequisite to its finality. Dunn v. Dunn, 439 S.W.2d 830 (Tex.1969).

In Hubbart v. Willis State Bank, 152 S. W. 458 (Tex.Civ.App., El Paso 1912), the Court held "the rendition of the judgment is the basis of an execution, and that its formal entry merely supplies the evidentiary fact which authorizes the clerk to issue the execution, and that the entry of the judgment nunc pro tunc will relate back to the date of a judgment theretofore rendered, but not entered of record, and validate and cure the irregularity of an execution issued prior to the formal entry."

Other cases have held that a writ of execution prematurely issued in violation of Rule 627, Texas Rules of Civil Procedure, is not void but only voidable, and can be attacked only in the court from which it issues in a direct proceeding. South Falls Corp. v. Davenport, 368 S.W.2d 695 (Tex. Civ.App., Dallas 1963, n. w. h.); Interstate Life Insurance Co. v. Arrington, 307 S.W. 2d 146 (Tex.Civ.App., Texarkana 1957, n. w. h.).

These are cases in which a final judgment has been rendered in the sense that all matters before the court have been adjudicated. That in some of the cases the judgment remained within the jurisdiction of the court, and might have been set aside on motion for new trial, did not affect the finality of the judgment.

■ It is held that a sale under execution held after the return day of the writ is void and subject to collateral attack. Masterson v. Adams, 197 S.W.2d 154 (Tex.Civ.App., Galveston 1946, err. ref., n. r. e.); Tudor v. Orr, 179 S.W.2d 796 (Tex.Civ.App., Amarillo 1944).

Rule 622, T.R.C.P., provides that the "clerk of the district or county court . . . shall tax the costs in every case in which a final judgment has been rendered and shall issue execution to enforce such judgment and collect such costs." Rule 627, T.R.C.P., authorizing the clerk of the court to issue executions, specifies that it shall be done "after the expiration of twenty days from and after the rendition of a final judgment." In Berly v. Sias, 152 Tex. 176, 255 S.W.2d 505 (1953), the court construed the words "shall correctly describe the judgment" found in Article 3783, Vernon's Ann.Civ.St. which sets out the requisites of an execution. This statute had been superseded by Rule 629, T.R.C.P., which provides that the writ of execution "shall describe the judgment." The court stated: ". . . The phrase 'describe the judgment' means the one and only final judgment and does not include an order reviving a judgment . . ."

It was settled at an early date that no judgment other than a final judgment can give rise to a lien. Eastham v. Sallis and Ralston, 60 Tex. 576 (1884); Blankenship & Buchanan v. Herring, 62 Tex.Civ.App. 298, 132 S.W. 882 (1910).

The Supreme Court in Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 22 S.W. 1030, said:

". . . Appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it. That, under the statute, execution may be issued, and the judgment be enforced during the appeal, when only a cost bond has been given, do not affect the question, for this is by virtue of the statute, which does not undertake to determine the status of the judgment in reference to any matter involved in the question certified."

After quoting the above passage the Court, in Van Natta v. Vannatta, 200 S.W. 907 (Tex.Civ.App., Amarillo 1918, err. ref.), stated: ". . . If such a judgment cannot be pleaded in bar or as res adjudicata, nor offered in evidence in support of a right or defense declared by it, it follows . . . that suit cannot be maintained on such judgment . . ."

In a suit to foreclose a lien created by an abstract of judgment, the court, in Evans v. Young County Lumber Company, 368 S.W.2d 783 (Tex.Civ.App., Ft. Worth 1963), stated that no lien attaches to real estate by reason of abstracting an interlocutory judgment. It also said: ". . . If that judgment was interlocutory rather than final, and the fact was so shown on its face, it would in Texas be treated as a judgment which was void on its face, or as no judgment at all. No court has jurisdiction to enter a valid decree based upon such a void judgment . . . any such that a court does purport to make or render are null and void . . ."

In Gathings v. Robertson, 276 S.W. 218 (Tex.Com.App.1925), the court said:

"The alleged judgment upon which the suit now under consideration is based is not a valid final judgment. It is no more than an interlocutory order. No

appeal could be prosecuted from it, and no valid execution could be issued on it from the court in which the order was made and entered."

In Flanary v. Wade, 102 Tex. 63, 113 S.W. 8 (1908), the Supreme Court considered a case where a money judgment was recovered in the district court. The case was appealed on a cost bond. On April 18, 1903, the Court of Civil Appeals rendered judgment reversing the case for further proceedings unless the appellee filed a remittitur, and providing that upon the filing of the remittitur the judgment will be affirmed. On April 28, 1903, an execution was issued out of the district court. The remittitur was filed and on May 9, 1903, the Court of Civil Appeals entered its judgment affirming the case. The writ of execution was levied on real estate on May 8, 1903, and the land in question was sold at sheriff's sale on July 7, 1903. The Supreme Court held:

"The order which the Court of Civil Appeals entered in the case of Flanary against Wood on the 18th day of April, 1903, reversed and set aside the judgment which the district court had entered in that case and this condition continued until May 9, 1903, when the judgment of the district court was affirmed; a remittitur having been entered. On the 28th day of April, 1903, there was no judgment in the district court of Bosque County between the parties hereto which would authorize the issuance of the execution that the clerk of that court issued directed to the sheriff of Erath County. Therefore the execution issued upon the judgment which had been annulled by the Court of Civil Appeals being without authority was void, and the levy made by virtue of that execution upon the land in controversy on the 8th day of May, 1903, was likewise invalid. It follows that . . . the sale itself was void, and conferred no title upon Wood who purchased at the sale . . .

"The subsequent affirmance of the judgment . . . by the Court of Civ-

il Appeals was in fact the entering of a new and different judgment, but in no phase of the case could the subsequent entry of the judgment have the effect to make valid that which was void before."

Underwood v. Brown, 29 Tex.Civ.App. 163, 68 S.W. 206 (1902), was a case where a judgment in excess of the court's jurisdiction was entered and property seized under a writ of execution. The trial court subsequently entered an order amending the judgment reducing it to an amount within the jurisdiction of the court. A suit for the trial of the right of property was filed. The court held: " . . . If the amendment were valid, it would show a different judgment from the one upon which the execution was issued, and would furnish no foundation for the writ, and it would be absolutely void. If it were invalid, the judgment upon which the execution was issued was void, and consequently all proceedings under it invalid. So, in either event, the execution would be a nullity, and a seizure of property under it tortious and illegal . . ."

It appears, therefore, that an interlocutory judgment has no effect on the legal rights of the parties until it becomes final. It is not a judgment upon which legal rights can be predicated aside from the effect it may have on the final judgment to be rendered. The order of sale issued under the summary judgment of November 25, 1964, was void because the judgment was interlocutory and because that judgment was set aside by the amendatory order of August 9, 1965.

The judgment to be entered in foreclosure proceedings is governed by Rule 309, T.R.C.P., which provides:

"Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and except in judgments against executors, administrators and guardians,

that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions."

The summary judgment of November 25, 1964, followed the wording of the rule by providing that:

"An Order of Sale shall issue to the Sheriff or any Constable of the State of Texas directing him to seize and sell the above described property as under execution and satisfaction of this judgment, and if the proceeds of such sale is insufficient to satisfy this judgment, then to take the money or any balance thereof remaining unpaid out of any other property of the defendants . . ."

Rule 309, T.R.C.P., contemplates that the order of sale be issued on a final judgment. It should not be construed to authorize its issuance on an interlocutory judgment. We would not ascribe to the legislature which enacted the statute on which the rule was based, or the Supreme Court of Texas in promulgating the rule, the intention to prescribe a procedure by which satisfaction of an interlocutory judgment could be secured without the right to appeal the judgment, and to supersede it pending the appeal, when these rights are provided in the case in which a final judgment is rendered. Rules 356 and 364(c), T.R.C.P.

▐ We hold that the order of sale issued on the summary judgment of November 25, 1964, the sale, and the deed issued pursuant thereto, are void because the clerk had no authority to issue the order of sale. In any event this is a direct, rather than a collateral attack on the order of sale and deed. Berly v. Sias, 152 Tex. 176, 255 S.W.2d 505 (1953). The trial court

was required to take judicial cognizance of its previous action in the case. Aetna Insurance Co. v. Dancer, 215 S.W. 962 (Tex.Com.App.1919). It is apparent on the face of the record that the summary judgment on which the order of sale was issued is an interlocutory order. Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945 (1960). The action of the clerk in issuing the order of sale prior to the rendition of a final judgment was not authorized by law and should have been set aside in this proceeding.

▐ In its brief Security states that the property was sold by the sheriff to Security, who in turn conveyed it to Ray Diamond, and that Ray Diamond sold it to Newton Schwartz. In his brief Newton Schwartz adopted the statement of facts in Security's brief. We would not presume in support of the trial court's judgment a chain of title different from that relied on by the parties as shown in their briefs. Since the deed to Security is void, it follows that the Schwartz title fails. In addition the final judgment entered in this case, after reciting that the order of sale issued on the summary judgment was a valid order of sale, that the deed from the sheriff to Security was valid and conveyed fee title to said property, that the lien asserted by Security was prior to that asserted by York, and that the levy on the property and sheriff's deed to York was null and void, states: "By reason of the above facts, that fee simple title to the hereinafter described property is now vested in Newton B. Schwartz, subject to the vendor's and deed of trust lien of First Continental Mortgage Company . . ."

Since it is apparent from this recitation that the judgment of the trial court decreeing title to be in Newton B. Schwartz was based on the erroneous decision that the sheriff's deed to Security conveyed title to the land, the trial court erred in so decreeing.

The record reflects that the summary judgment granted to the York Corporation

became a final judgment by reason of an order of severance long prior to the issuance of the order of sale, and the sale thereunder by the sheriff to York. No appeal was taken from this judgment. It was not attacked in the trial court and was reaffirmed by the judgment from which this appeal was taken. The trial court found that the sale of the property under execution issued on the York judgment against Ferris and Ammons conveyed no title because the title of Ferris and Ammons had been divested by the previous sale to Security under the order of sale issued on its interlocutory summary judgment. We have held this sale void. The title of Ferris and Ammons was not affected by it. At the time of the sale under York's judgment title to the property was in M. H. Ferris and wife, Margaret Ferris, and E. M. Ammons, the judgment debtors. The property was also encumbered with the lien securing the debt owed to Security.

■ The purchaser of real estate takes title subject to any outstanding superior lien of which he has notice. The rights of the holder of a superior lien on the real estate are not affected by the judgment in a suit to which he is not a party even though he has notice of the pendency of the suit. Harris Realty Co. v. Austin, 134 Tex. 484, 137 S.W.2d 19 (1940); McDonald v. Miller, 90 Tex. 309, 39 S.W. 89 (1897); Banker's Life Co. v. John E. Quarles Co., 88 S.W.2d 613 (Tex. Civ.App., Dallas 1935, aff'd 131 Tex. 65, 112 S.W.2d 1044).

In Crabb v. William Cameron & Co., 63 S.W.2d 367 (Tex.Com.App.1933), Crabb sued the land owner to foreclose a deed of trust lien, and William Cameron & Co. intervened to foreclose its mechanic's and materialman's lien as a prior lien. The trial court rendered judgment for both plaintiff and intervenor against the land owner and found Crabb's lien to be a superior lien. It directed a sale of the land and required the proceeds to be first applied to the payment of the debt due to the plaintiff, and the remainder, if any, to the intervenor. This judgment, which foreclosed the liens of both parties and established priority, was affirmed.

In Chamberlain v. Dollar Savings Bank of New York, 451 S.W.2d 518 (Tex.Civ. App., Amarillo 1970), the question was whether the title of a purchaser at a foreclosure of a deed of trust lien extinguished the lien of a materialman established as a constitutional lien and as a statutory mechanic's and materialman's lien. It was held that where the materialman had notice of the deed of trust lien, there being no general construction contract, and the material furnished was merged into the improvements which could not be severed without damaging the realty, the trial court properly decreed cancellation of the mechanic's and materialman's lien as a cloud on the title of the purchaser.

■ These cases relied on by Security do not solve the question presented here. Where the materialman has secured a final judgment foreclosing his lien, and has purchased the property subject to the lien at a sheriff's sale, he has acquired title subject to the rights of the holder of a superior lien. His title may be defeated by the foreclosure of a superior lien, but until such foreclosure he holds the title of the former owner.

York occupied the position of an original contractor. Trinity Universal Insurance Company v. Barlite, Inc., 435 S.W.2d 849 (Tex.1969). That York complied with the statute and acquired both a constitutional and a statutory lien on the property in question is settled by the summary judgment foreclosing the lien. That judgment recites:

"... the action is to fix and foreclose the liens represented by the Mechanic's and Materialman's Lien Affidavit dated May 28, 1964, of record in Volume 1623, pp. 603–606, inclusive, in the Mechanic's Contractor's & Materialman's Lien Records of Galveston County, Texas, ... and the Court ... finds ... that judgment

should be rendered for York Corporation on its action for sworn account and its liens, be established and foreclosed as valid liens under the Hardeman Act of 1961 and the Constitution of the State of Texas; . . ."

Security has not alleged that the requirement of the Rules of Civil Procedure were not met in the issuance of the order of sale or the levy on the property by the sheriff under the York summary judgment, nor has it alleged that the sale made was for a grossly inadequate price. It did allege as grounds for setting aside the sheriff's deed that it was given no notice of the sale and was led to believe that no sale under the judgment would be held. This proposition has not been briefed and we express no opinion on the legal sufficiency of such facts, if established at trial, to form the basis of a judgment setting aside the sheriff's deed to York.

Appellee Louisville Title Insurance Company complains in its motion for rehearing that this court erred in reversing its judgment that Newton B. Schwartz and Perry D. Davis take nothing against it, stating as reasons that Schwartz and Davis made no complaint of the judgment in the trial court; did not appeal from the judgment, and have no cross-assignments of error in their brief in this court. Since Schwartz and Davis were successful in the trial court, there was no reason to complain of the judgment in the trial court or to appeal therefrom. On the reversal of the judgment in their favor, they are entitled to have the judgment on their claim over against Louisville Title Insurance Company reversed, otherwise they have not had their day in court on their plea over. City of Amarillo v. Stockton, 158 Tex. 275, 310 S.W.2d 737 (1958); Henger v. Cotton, 159 Tex. 139, 316 S.W.2d 719 (1958).

The motion for rehearing of Security Savings and Loan Association is granted in part in order that the court might eliminate from its opinion certain findings of fact and conclusions of law which has been accomplished by substituting this opinion for that filed on May 11, 1972. The motion filed by Louisville Title Insurance Company, and all other such motions, are denied.

The judgment is reversed and is ordered remanded to the trial court for a new trial.